# THE SUPREME COURT

#### OF THE

# STATE OF NEVADA

## JULY TERM, 1905

[No. 1667.]

JOHN DEVENCENZI, RESPONDENT, *v.* PIETRO CASSI-
NELLI, PETITIONER.

1. APPEAL—REVIEW—ASSIGNMENTS OF ERROR. Only such errors as are
   embraced in the assignments of error will be reviewed on appeal.
2. SAME—HARMLESS ERROR—EVIDENCE. Where, in an action on an account
   stated, a portion of an account contained in defendant's book had
   been offered on defendant's direct examination, the admission of evi-
   dence on cross-examination with reference to the accounts contained
   in the book was not prejudicial to defendant, as authorizing the jury
   to infer therefrom that a certain $500 covered by a receipt in contro-
   versy had in fact been paid, and yet allow plaintiff the full amount
   sued for, because of a showing of other indebtedness by such evidence;
   it appearing that the jury were duly instructed.
3. TRIAL—RECEPTION OF EVIDENCE. Where, in an action on an account
   stated, plaintiff's counsel at no time claimed that certain evidence
   objected to was offered for impeachment purposes, and the court, in
   finally ruling on the evidence, denied a motion to strike on the ground
   that the testimony of the witness concerned his qualifications as a
   bookkeeper, the admission of such evidence was not error, though
   inadmissible for impeachment purposes.

PETITION for rehearing. **Denied.** [Former opinion herein
rendered reported in this volume on page 222.]

The facts sufficiently appear in the opinion.

*Alfred Chartz,* for Petitioner:

I. The court has admitted the premises and reached a

wrong conclusion. The court admits, as matter of law, that when the evidence is of equal weight the receipt shall be given its *prima facie* effect. The receipt was written by plaintiff himself on the book of defendant on June 6, 1901, for the sum of $500 for labor. He was discharged early in January, 1902, knowing that receipt was there, and he never demanded it back and never pleaded it, and never brought his action to trial until about two years later. Now, a receipt must be explained to overcome its *prima facie* value, because it is evidence of the highest character, though not conclusive. The explanation must explain; it must be reasonable; it must preponderate not with reference to other matters pleaded in the complaint but with exclusive reference to the receipt and the giving of the receipt. The purpose for which it was given must be stated, and it must be reasonable, and not foolish; what influence, coercive or otherwise, must be stated and should be alleged; what was the object should be made clear.

II. The court says: "It must be admitted that the answer of the plaintiff is far from lucid as an explanation of the 'accommodation' to be extended to the defendant." Is it not ludicrous, absurd, and contrary to its object? Defendant's attorney was fully justified in dropping the subject at that point, and it devolved upon plaintiff's attorney to clear that matter up, and give a better explanation if possible, and, if impossible, it was "wise" to drop the subject. He dropped the subject. The court proceeds: "However, from all the testimony of the plaintiff, if believed by the jury, the jury could draw the conclusion that the receipt was given without consideration, and this the jury doubtless did." How could the jury draw any conclusion that defendant had not paid the $500 from the testimony of the plaintiff on that point? As between the oral testimony of the plaintiff and the defendant the jury could say arbitrarily or otherwise that the Scanavino note had been included in the settlement, and that plaintiff had never been paid for the horses, and that plaintiff drew only $15 from the day of settlement to the day of discharge (leaving out the $500 item), and that there had been a settlement. But each one of these items were separate

and distinct matters, supported only by the affirmative of plaintiff and denied by defendant, except with reference to the Scanavino note, and with reference to that payment defendant testified that it was not paid, and plaintiff not charged with it, and plaintiff testifies that it was included in the settlement. There is nothing unreasonable in the statement of the plaintiff that they did have a settlement on May 15, 1901, and that in such settlement defendant agreed to pay the Scanavino note, and the same was deducted. In such cases the rule cited by the court in the case of *Strand* v. *Chicago R. Co.*, 67 Mich. 380, would apply, also the authorities cited in support thereof. But all of those cases rest upon the preponderance of the evidence on the particular matters testified to, and not upon the question of an independent item in a cause of action wherein the evidence is even—the oral evidence—and there is a receipt freely given and unexplained in a way which proves its own falsity.

III. The court erred in refusing to strike out all the testimony of Pietro Cassinelli, brought out on cross-examination at pages 63 and 64 of the statement on motion for new trial, with reference to transactions that occurred prior to April 23, 1896, being prior to any of the accounts sued upon. The purpose of such examination was to impeach the witness upon immaterial matters, and it was not in cross-examination. The motion was denied, defendant duly excepting. The court has denied that certain evidence was introduced to impeach the witness, in the face of the fact that the lower court stated that it was introduced for that purpose, and admitted for that purpose, and acted upon by the jury. The foregoing is assigned as one of the reasons why this court should grant a rehearing, and in support of the error of this court in particular, I cite the court to the testimony contained in the transcript on appeal, beginning on page 57, and running down to and including page 65, line 15, and made a part thereof. Said pages clearly show that plaintiff was permitted to show that defendant was indebted to plaintiff $1,320 more than claimed in the complaint, and for labor performed prior to the settlement. Said pages further show that the testimony was allowed for

the purpose of impeaching the witness. It is confidently submitted that the proofs should have been confined to said allegations, to wit: That on April 15, 1901, a settlement was reached between the parties and it was ascertained that at that time there was due from defendant to plaintiff the sum of $584, and that it was positive error to show that plaintiff worked for defendant from July, 1893, at $40 a month, and that plaintiff was paid by defendant during that time only $281.27. If this court believes otherwise, then put it down and record it, so that we will all know it.

IV. The court argues that the jury believed the plaintiff and discredited the defendant with reference to the other matters because they gave the verdict for the whole amount. No one knows why they gave a verdict for the whole amount, but it is fair to presume that it was because plaintiff was permitted to show that defendant really owed $1,800 anyhow. However, take each separate item contended for by defendant, and his testimony is the most reasonable. He introduced the Scanavino note in evidence as having paid it, and charged plaintiff only $100 for it. The note and the interest amounted to over $200. But he had bought it for only $100, and that is all he charged. Plaintiff had won a lottery prize and received $1,250 on a 25-cent investment and had failed to pay his debt to Scanavino, and his excuse was that Scanavino had removed to Reno. Those two facts show clearly common honesty and common dishonesty, and that is all there is about it. Defendant testified that he had paid that $100 and was entitled to credit for it, and plaintiff testified that it had been included in the settlement. How did they know at the time of the settlement what defendant would have to pay for the note? However, the jury believed the plaintiff. Take every other item, and it will be found that one says yes and the other says no. Now, then, bring them both down to yes and no as to each separate transaction until we reach the receipt for the $500. Is not then the evidence in equipoise? While the evidence is very much in favor of defendant, it is submitted that the court cannot find it any more favorable to plaintiff than in equipoise on June 6, 1901, the date of the receipt. When did they destroy the

rule that when the evidence is evenly balanced the receipt shall be given its *prima facie* effect?

V.   The cases cited by appellant in his brief are clear and to the point.   "A written receipt may be explained by parol, yet it is *prima facie* evidence of the most satisfactory character of the facts recited therein, and to impair its force the proofs must be made clear."   (165 Ill. 161; 13 La. Ann. 581; 13 Iowa, 344.)   To impair the force of a receipt the proofs must be clear.   Take all the proofs, even with reference to all other matters involved in the case, and the court itself admits that there is nothing clear about it, but hinges its opinion solely upon the fact that the jury gave a verdict for the full amount.   That of itself is not proof.   It is only proof that the jury rendered the verdict.   That is not the proof called for by the rule.   The proof called for is the evidence.   This court must go to the evidence for the proof.   It cannot go to the verdict for the proof.   It is respectfully submitted that a new trial should be granted on the grounds and for the reasons stated.

By the Court, NORCROSS, J.:

Counsel for appellant have filed a lengthy petition for rehearing in this cause (see opinion, page 222 of this volume) setting forth three grounds why, in the opinion of counsel, a rehearing should be granted, to wit:  "(1) The court has admitted the premises, and reached a wrong conclusion.  (2) The court has overlooked the strongest point urged by appellant.  (3) The court denied that certain evidence was introduced to impeach the witness, in the face of the fact that the lower court stated that it was introduced for that purpose, and admitted for that purpose, and acted upon by the jury."  The labor evidently expended by counsel in the preparation of the petition, the manifest sincerity of belief in the correctness of the position taken, and the zeal with which it is presented, warrant a statement of the reasons why this court deems that the petition should be denied.

1.   The first point urged is in reference to the evidence concerning the receipt for $500.   No points are raised in the

petition, however, that were not very carefully considered before arriving at a decision with reference to this receipt. Much deliberation was given to this question and a further consideration of the point does not shake our belief in the correctness of the conclusion heretofore reached.

2. It was urged in the briefs of counsel for appellant, and in the oral argument of the case, and again in the petition, that the trial court erred in admitting certain evidence upon cross-examination of the defendant, which is claimed to be in relation to facts not within the pleadings, and from which the jury could draw the conclusion that the appellant owed the respondent a large amount of money beside that sued for in the action, and hence that the admission of such testimony was prejudicial to the appellant, in that the jury might be satisfied that the $500 covered by the receipt had in fact been paid to respondent, and yet allow the respondent the full amount sued for, because of the showing of this other indebtedness. It is now contended that this, "the strongest point urged by appellant," was overlooked by the court in its opinion. The point was not overlooked by the court, but was not touched upon in the opinion for the reason that, in the judgment of the court, there was no assignment of error that warranted its consideration. In the opinion heretofore rendered by this court, every assignment of error contained in the statement on appeal was passed upon. This court has repeatedly held that it will consider only such alleged errors as are embraced in the assignments of error. The evidence complained of is the same as that contended to have been erroneously admitted for the purpose of impeaching the witness, and the only objection made to it that has been brought before this court for consideration under the assignments of error was in reference to this alleged attempt to impeach the witness. Even if the admission of the testimony complained of was erroneous, we hardly see how the jury could have been misled by it, under proper instructions from the court. The instructions given are not made a part of the transcript on appeal, but it contains a statement that "the jury were duly instructed by the court."

3. During the cross-examination of the defendant, objec-

tion being made by defendant's attorney to the line of interrogation, the court, in ruling upon the objection, stated: "It is for the purpose of impeaching the witness, if I understand Judge Mack, that they must have had a settlement. If I remember, he testified in his examination in chief that they never had a settlement." Counsel for plaintiff at no time claimed such to be the purpose of the cross-examination; although, from the questions asked the witness thus far, the court might have drawn the conclusion that such was the purpose of the examination of the witness. When, however, counsel moved to strike out the evidence elicited, upon the grounds which are set out in full in the opinion heretofore rendered, the court, in denying the motion, put it upon the ground that the testimony of the witness complained of "is touching his qualifications as a bookkeeper." From this and other statements of the trial judge made at the time, it would appear that the trial court, from further examination of the witness, considered that its purpose was not that of impeachment, or at least that it had not such tendency.

For the reasons given, a rehearing is denied.

TALBOT, J.: I concur.

FITZGERALD, C. J., did not participate in the foregoing decision.